STEVE BROWN & ASSOCIATES, LLC
1440 EAST MISSOURI, SUITE 185
PHOENIX, ARIZONA 85014
(602) 264-9224

Steven J. Brown (#010792)
Steven D. Nemecek (#015219)

Attorneys for Trustee


FILED FROM OVERNIGHT BOX
JUL 1 4 2001
KEVIN E. O'BRIEN
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

ADM LABORATORIES, INC.,

Debtor.

In Proceedings Under Chapter 7

Case No. B 00-00107 ECF CGC

**TRUSTEE'S OBJECTION TO MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FILED BY JASON PRATTE**

Chapter 7 Trustee Diane Mann objects to the Motion For Allowance Of Administrative Claim filed by Jason Pratte. Mr. Pratte should not be allowed any administrative claim.

Mr. Pratte states that he and Debtor entered into a joint venture under which he provided certain equipment to Debtor. He states that this joint venture was formed before Debtor filed bankruptcy. Mr. Pratte says that he confirmed after the bankruptcy was filed that the equipment was located at Debtor's warehouse but then allegedly learned sometime after the case was converted that the equipment allegedly had disappeared. He argues that the equipment was worth $90,000 and that he is entitled to an administrative claim in that amount.

Mr. Pratte is not entitled to an administrative claim based on the facts alleged in his own affidavit and motion. First, if Mr. Pratte delivered the equipment to Debtor as part of a joint venture as he alleges,

-1-

then Mr. Pratte's delivery of that equipment constituted Mr. Pratte's capital contribution to the joint venture, just like a capital contribution to a partnership. Mr. Pratte would have been an equity owner of the joint venture via his capital contribution, but would have no claim against the joint venture for any debt owed to him.

Second, even if Mr. Pratte merely "loaned" the equipment to Debtor, that loan took place before the bankruptcy was filed according to his own affidavit and motion. There was no transaction with any debtor-in-possession. Mr. Pratte also does not allege that he perfected any security interest that would have given him a lien against the equipment. Thus, Mr. Pratte would have nothing more than a general, unsecured claim for any loan of the equipment, not an administrative claim.

The Trustee has consulted with her Court-approved broker and confirmed that the assets sold in this case by the Trustee did not include any of the equipment allegedly delivered to Debtor by Mr. Pratte. Mr. Pratt confirmed that the alleged equipment was not in Debtor's premises prior to the sale of all Debtor's tangible property. At worst, Mr. Pratte has made a capital contribution to Debtor. At best, he has a general, unsecured claim against the Estate. Either way, he is not entitled to any administrative claim. The motion should be denied.

DATED this 16th day of July, 2001.

STEVE BROWN & ASSOCIATES, LLC

By _____
Steven J. Brown
Steven D. Nemecek
1440 East Missouri, Suite 185
Phoenix, Arizona 85014
Attorneys for Trustee

-2-

Copy of the foregoing mailed
this 16th day of July, 2001 to:

Christopher R. Kaup, Esq.
TIFFANY & BOSCO, P.A.
Fifth Floor, Viad Tower
1850 North Central Avenue
Phoenix, AZ 85004-4546
Attorneys for Jason Pratte

Office of U.S. Trustee
Post Office Box 36170
Phoenix, AZ 85067-6170

By /s/ Doris Logan