Christopher R. Kaup
State Bar No. 014820

**TIFFANY & BOSCO**
——————— P.A. ———————
FIFTH FLOOR VIAD TOWER
1850 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004-4546
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103

Attorneys for Jason Pratte, Creditor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ADM LABORATORIES, INC.,<br><br>Debtor. | In Proceedings Under Chapter 7<br><br>Case No. 00-00107-ECF-CGC<br><br>**REPLY TO RESPONSE TO MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**<br><br>Hearing Date: August 14, 2001<br>Hearing Time: 10:00 a.m. |

Jason Pratte, a creditor in the above-captioned Bankruptcy Case, hereby replies to the Objection filed by the Chapter 7 Trustee, Diane Mann, to his Motion for Allowance of Administrative Claim ("Motion"). This Reply is more fully supported by the attached Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 13th day of August, 2001.

TIFFANY & BOSCO, P.A.

By: _____
Christopher R. Kaup, Esq.
Fifth Floor Viad Tower
1850 North Central Avenue
Phoenix, Arizona 85004-4546
Attorneys for Jason Pratte, Creditor

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

The Trustee has failed to meet the legal merits of Mr. Pratte's Motion and has failed to dispute the key facts giving rise to his Administrative Claim. Accordingly, the Trustee's Objection must be overruled, and Mr. Pratte's claim must be allowed in full.

The Trustee's Objection is unsupported by any affidavit to contradict the Affidavit of Mr. Pratte attached to his Motion. The Trustee has not disputed that Mr. Pratte delivered and entrusted to Debtor equipment belonging to him having a value equal to $90,000.00. The Trustee also has not disputed the fact that such property was in the possession of the Bankruptcy Estate as of the date of conversion of the above-captioned case from Chapter 11 to Chapter 7. Finally, the Trustee does not dispute that said equipment was not returned to Mr. Pratte or that the value of that equipment has ever been paid to Mr. Pratte.

Rather, the Trustee argues, unsupported by reference to any affidavit or document, that the delivery by Mr. Pratte of his equipment to Debtor constituted his "capital contribution" to his joint venture with Debtor. That allegation is directly contrary to the Affidavit of Mr. Pratte attached to his Motion. *See* Affidavit of Jason Pratte, at ¶ 5, attached to the Motion as Exhibit "1." The delivery of Mr. Pratte's equipment to Debtor was not intended by either Mr. Pratte or the officers of Debtor as a "capital contribution" to the planned joint venture. *See* Affidavit of Jason Pratte, attached hereto as Exhibit "1." The Trustee's first argument in support of her Objection must, therefore, fail.

The Trustee's second argument is that, since the transfer of the assets occurred prepetition, any claim held by Mr. Pratte would not be an administrative claim entitled to priority, pursuant to 11 U.S.C. § 503(b). That argument must fail as a matter of law.

The event giving rise to liability for the Bankruptcy Estate was not the transfer of the equipment by Mr. Pratte, but, rather, the negligence of the Trustee and/or her agents in dealing with that property. The Trustee's failure to protect and preserve Mr. Pratte's equipment clearly occurred following conversion to Chapter 7. Significantly, the standard for determining whether

a particular claim is entitled to administrative priority, pursuant to 11 U.S.C. § 503(b), "looks to when the acts giving rise to [the] liability took place, not when they accrued." *PBGC v. Sunarhauserman, Inc.*, 126 F.2d 811, 818 (6th Cir. 1997).

The Trustee does not dispute that Mr. Pratte's equipment was in the possession of the Bankruptcy Estate on the conversion date. Accordingly, the acts giving rise to Mr. Pratte's claim – the failure to adequately protect and preserve the property – must have occurred post-conversion.

Mr. Pratte has not, as alleged by the Trustee, "confirmed that the alleged equipment was not in Debtor's premises prior to the sale of all Debtor's tangible property." The Trustee has failed to place into dispute any material fact and has not presented any legal argument to support disallowance of Mr. Pratte's claim. The law is clear, however: tort claims arising during pendency of a bankruptcy case are entitled to administrative expense priority. *See Reading Company v. Brown*, 391 U.S. 471, 483-6, 88 S. Ct. 1759, 1766-7, 20 L.Ed. 2d 751 (1968). The court in *Reading* construed Section 64(a)(1) of the former Bankruptcy Act, which was the predecessor to 11 U.S.C. § 503(b). *See In re Charles Bank Laundry, Inc.*, 755 F.2d 200, 201, n.2 (1st Cir. 1985). The *Reading* decision is indisputably controlling on this issue.

Mr. Pratte is no different from the adjoining property owners whose buildings were damaged as a result of the negligence of the Trustee in *Reading*. As in *Reading*, Mr. Pratte "did not merely suffer injury at the hands of an insolvent business: [he] had an insolvent business thrust upon [him] by operation of law." *Reading, supra*, 391 U.S. at 478.

Significantly, the Supreme Court observed that the phrase "actual and necessary costs" should include costs ordinarily incident to operation of a business, "and not be limited to costs without which rehabilitation would be impossible." *Id.* at 483. Acts of negligence in connection with the storage for preservation of property belonging to third persons are certainly "ordinarily incident to operation of a business" and, therefore, are the costs associated therewith.

Debtor and, therefore, the Trustee following conversion, was in the position of a bailee with respect to the property transferred and entrusted to them by Mr. Pratte. *See* 8A Am. Jur. 2d. §9-14. The Bankruptcy Estate is, therefore, liable to Mr. Pratte for the damages resulting due to the loss of the equipment placed into their care. *See* 8A Am. Jur. 2d. §206-209. The Bankruptcy Estate was in possession of the equipment owned by Mr. Pratte following conversion to Chapter 7. The Trustee does not dispute that fact. That property was subsequently lost, stolen or destroyed while in the possession of the Estate. The Trustee also has not disputed that fact. Accordingly, Mr. Pratte is entitled to the allowance of an administrative claim in an amount equal to the undisputed value of that equipment; that is, $90,000.00.

**WHEREFORE**, Mr. Jason Pratte hereby moves this Court for allowance of an administrative claim in the amount of $90,000.00.

RESPECTFULLY SUBMITTED, this 13th day of August, 2001.

TIFFANY & BOSCO, P.A.

By: _____
Christopher R. Kaup, Esq.
Fifth Floor Viad Tower
1850 North Central Avenue
Phoenix, Arizona 85004-4546
Attorneys for Jason Pratte, Creditor

| | |
|---|---|
| 1 | ORIGINAL and TWO copies of the foregoing filed this 13th day of August, 2001 with: |
| 2 | |
| 3 | Office of the Clerk<br>United States Bankruptcy Court<br>2929 North Central, 9th Floor |
| 4 | Phoenix, Arizona 85067-4151 |
| 5 | |
| 6 | COPIES of the foregoing hand-delivered this 13th day of August, 2001, to: |
| 7 | |
| 8 | The Honorable Charles G. Case, II<br>U.S. Bankruptcy Judge<br>2929 North Central, 9th Floor |
| 9 | Phoenix, Arizona 85067 |
| 10 | Steve Brown, Esq.<br>Steve Brown & Associates, LLC |
| 11 | 1440 East Missouri, Suite 185<br>Phoenix, Arizona 85014 |
| 12 | Attorneys for Trustee |
| 13 | COPIES of the foregoing mailed this |
| 14 | 13th day of August, 2001, to: |
| 15 | Diane M. Mann<br>Post Office Box 12970 |
| 16 | Scottsdale, Arizona 85267-2970<br>U.S. Trustee |
| 17 | |
| 18 | Charles L. Firestein, Esq.<br>4745 North 7th Street, Ste. 234<br>Phoenix, Arizona 85014 |
| 19 | Attorneys for Debtor |
| 20 | |
| 21 | |
| 22 | _____<br>168211 |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

1 Christopher R. Kaup
State Bar No. 014820

2 **TIFFANY & BOSCO**
P.A.
3 FIFTH FLOOR VIAD TOWER
1850 NORTH CENTRAL AVENUE
4 PHOENIX, ARIZONA 85004-4545
TELEPHONE: (602) 255-6000
5 FACSIMILE: (602) 255-0103

Attorneys for Creditor Jason Pratte

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re:

ADM LABORATORIES, INC.,

Debtor.

In Proceedings Under Chapter 7

Case No. 00-00107-ECF-CGC

AFFIDAVIT OF JASON PRATTE

STATE OF ARIZONA )
                 ) ss.
County of Maricopa )

JASON PRATTE, being first duly sworn, upon oath, deposes and says:

1. I am, and at all times mentioned herein was, a citizen of the United States, over the age of 21 years, and a resident of the County of Maricopa;

2. The delivery of my equipment to Debtor was not intended by me or the officers of Debtor as a "capital contribution" to the planned joint venture.

FURTHER AFFIANT SAYETH NAUGHT.

_[signature]_
Jason Pratte

EXHIBIT "1"

-1-

SUBSCRIBED AND SWORN TO before me this 13th day of August, 2001, by JASON PRATTE.

_____
Notary Public



My Commission Expires:

ORIGINAL and TWO copies of the foregoing filed this 13th day of August, 2001, with:

Office of the Clerk
United States Bankruptcy Court
2929 North Central, 9th Floor
Phoenix, Arizona 85067-4151

COPIES of the foregoing hand-delivered this 13th day of August, 2001, to:

The Honorable Charles G. Case, II
U.S. Bankruptcy Judge
2929 North Central, 9th Floor
Phoenix, Arizona 85067

Charles L. Firestein, Esq.
4745 North 7th Street, Ste. 234
Phoenix, Arizona 85014
Attorneys for Debtor

COPY of the foregoing mailed this 13th day of August, 2001, to:

Diane M. Mann
Post Office Box 12970
Scottsdale, Arizona 85267-2970
U.S. Trustee

_____
168257